[No. 18594. Department One. October 1, 1924.]

M. H. CUNNINGHAM *et al., Respondents,* v. UNION HIGH SCHOOL DISTRICT No. "O," *Appellant.*[1]

APPEAL (418)—REVIEW—FINDINGS. Findings that school directors were not guilty of fraud in letting contracts to their sons for the carriage of school children will not be disturbed on appeal, where it can not be said that the evidence, critically examined, preponderates against the findings (MACKINTOSH, J., dissenting).

Appeal from judgments of the superior court for King county, Tallman, J., entered October 16, 1923, upon findings in favor of the plaintiffs, in consolidated actions on contract, tried to the court. Affirmed.

*Malcolm Douglas* and *Arthur Schramm, Jr.,* for appellant.

*Earl G. Rice,* for respondents.

PARKER, J.—The plaintiffs, Cunningham, Nelson and Trezise, commenced separate actions in the superior court for King county, seeking recovery of damages for the alleged unwarranted cancellation by the directors of defendant school district of contracts separately entered into by the plaintiffs with the district for the transportation of students from their homes to the high school of the district. The cases being determinable upon facts, which are to a large extent applicable to each, they were, by stipulation of counsel for all parties, consolidated for the purpose of trial

[1]Reported in 228 Pac. 855.

and were accordingly tried together by the superior court, sitting without a jury; which trial resulted in findings and judgments in favor of the plaintiffs, awarding to each recovery against the district, from which judgments the district has appealed to this court, the cases being treated by all counsel as being consolidated for the purpose of appeal.

The defendant is a rural high school district of King county. From June, 1921, to June, 1922, the members of the board of directors of the district were Albert Prenatt, C. H. Nelson, father of plaintiff W. E. Nelson, and E. W. Trezise, father of plaintiff Gordon T. Trezise. It is conceded that, because of the territorial extent of the district, it was necessary that there be provided, at the expense of the district, transportation for a considerable number of its students from their homes in different portions of the district to its high school. Early in September, 1921, at the beginning of the school year, these directors, acting for the school district, entered into separate contracts with the plaintiffs for the transportation by them of students from their homes to the high school from different portions of the district for the term of two years, each of the plaintiffs to furnish and maintain his own conveyance for that purpose, the district to pay each a stipulated monthly compensation therefor.

A short time thereafter, and after the commencement of the performance of the services agreed upon, some question arose as to the legality of the contracts between the district and the plaintiffs Nelson and Trezise, because of the fact of those contracts being awarded to sons of two of the directors, and also because of the fact that, in the performance of those contracts, the plaintiffs Nelson and Trezise were using automobiles belonging to their fathers, members of the school

board. Upon the advice of the prosecuting attorney for King county, these two contracts were then cancelled, and thereafter, in December of 1921, new contracts were entered into by the directors, acting for the district, with the defendants Nelson and Trezise for the remainder of the two years, of substantially the same nature as those which had been cancelled; in the meantime, Nelson and Trezise having purchased from their fathers the automobiles which they had been using, and which they thereafter used in the rendering of services under the new contracts. Thereafter all of the plaintiffs continued in the performance of their contracts until the close of the school year in 1922, and received compensation in full, according to the terms of their contracts, up to that time.

On September 1, 1922, the personnel of the board of directors having changed, they assumed to cancel and hold for naught these three contracts, which, according to their terms, were to continue for another year, and employed others to furnish the transportation which, according to the terms of the plaintiffs' contracts, they were entitled to perform, and notified the plaintiffs accordingly. The plaintiffs protested against such cancellation and each continued to offer his services to the district and demand compensation therefor, as he conceived to be his right under the terms of his contract. No question is here made as to the amount of damages suffered by each of the plaintiffs and awarded by the trial court, if they are entitled to any recovery at all. Therefore, we do not notice the amounts involved or awarded.

The principal contention here made by counsel for the district with reference to the Nelson and Trezise contracts, is that those contracts were illegal and voidable because of the alleged fact that the directors

Nelson and Trezise were beneficially interested in them. The trial judge had placed before him a large volume of evidence touching this question, and, at the conclusion of the trial, painstakingly reviewed the case, and our review of the evidence convinces us that it does not preponderate against his conclusions that the contracts were in no way fraudulent, and that neither of the directors Nelson and Trezise had any beneficial interest therein. It may be conceded that, in view of the fact that these contracts were let to sons of these directors, they call for a critical examination of the circumstances under which they were let, but viewing the whole record, which we have painstakingly read, we cannot say that the trial court arrived at a wrong conclusion upon either the question of the directors' interest in the contracts or of them being otherwise so tainted with fraud as to warrant their cancellation.

As to the charge of fraud with reference to the contract with Cunningham, we see no substantial support whatever for the contention that the conclusion of the trial judge was wrong.

In its last analysis, there is nothing involved in this controversy other than questions of fact. In view of our conclusion with reference to these principal contentions, we find it unnecessary to notice the claims made by the district by its cross-complaints for refund of amounts paid to the plaintiffs on their contracts. We think a further discussion of the case would serve no useful purpose.

The judgments are affirmed.

MAIN, C. J., HOLCOMB, and TOLMAN, JJ., concur.

MACKINTOSH, J. (dissenting)—To me these contracts clearly appear to have been in violation of law and I cannot concur in sanctioning them.